UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

MARY OESER,

        **Plaintiff,**

    v.

**FRANK BISIGNANO,**
**Commissioner of Social Security,**

        **Defendant.**

Case No. 1:19-cv-16286
Magistrate Judge Norah McCann King

## OPINION AND ORDER

This matter is before the Court on Plaintiff's motion for an attorney's fee pursuant to 42 U.S.C. § 406(b)(1). Motion for Attorney Fees, ECF No. 23. The Commissioner neither supports nor opposes the motion but asks that the Court direct Plaintiff's counsel to remit to Plaintiff the $9,500.00 fee previously awarded under the Equal Access to Justice Act, 28 U.S.C. § 2412 ("EAJA"). Response to Plaintiff's Petition for Attorney's Fees under 42 U.S.C. § 406(b), ECF No. 26. *See* Consent Order, ECF No. 22.

Under the Social Security Act, when a court renders a judgment favorable to a claimant who was represented before the court by an attorney, the court may award that prevailing claimant's attorney "a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment. . . ." 42 U.S.C. § 406(b)(1)(A). Contingency fee arrangements are "the primary means by which fees are set for successfully representing Social Security benefits claimants in court." *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002). In determining an appropriate fee under the statute, a court

1

must also consider such factors as the character of the representation and results achieved, whether counsel was responsible for delay, and whether the benefits were large in comparison to the time expended by counsel. *Id*. at 807-08. Moreover, a court may consider the inherent risk of loss associated with representation on a contingency basis. *Tschudy v. Comm'r of Soc. Sec.*, No. 18-3424, 2020 WL 3316403, at *1 (D.N.J. June 18, 2020).

On July 1, 2015, Plaintiff filed her application for a period of disability and Disability Insurance Benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401 *et seq*., alleging that she has been disabled since July 7, 2009. R. 166–67. In May 2021, this Court reversed the Commissioner's denial of that application. Opinion and Order, ECF No. 19; Final Judgment, ECF No. 20. By Consent Order, Plaintiff was awarded an attorney fee under the EAJA in the amount of $ 9,500.00. Consent Order, ECF No. 22. On remand, Plaintiff was awarded benefits from December 2015 until her death on March 1, 2023. Motion for Attorney Fees, ECF No. 23, PageID# 496.[1] Plaintiff's counsel seeks 25% of that award, for an attorney's fee of $ 19,836.75.

The fee agreements executed by Plaintiff and her surviving spouse authorize a fee of 25% of past-due benefits. Motion for Attorney Fees, ECF No. 23, PageID# 500, 502, 506. Sheryl Gandel Mazur, Esq., Plaintiff's well-experienced counsel, represents that she expended more than 50 hours of time on behalf of Plaintiff before this Court. *Id.* at PageID# 497. The requested fee therefore represents compensation for Plaintiff's attorney at the rate of approximately $396.74 per hour, *i.e.*, an amount well within the reasonable range.

This Court concludes that the requested fee is reasonable. The time between Plaintiff's application and the favorable resolution of that application was lengthy and Plaintiff's counsel

---

[1] Following Plaintiff's death, her widower signed a new fee agreement with counsel and it is represented that he consents to the award sought by counsel. Motion for Attorney Fees, ECF No. 23, PageID# 495-97.

was in no way responsible for that delay. Moreover, the benefits awarded were not large in comparison to the time expended by counsel. *See Gisbrecht*, 535 U.S. at 808.

Plaintiff's Motion for Attorney Fees, ECF No. 23, is therefore **GRANTED**.

**IT IS ORDERED** that an attorney's fee in the amount of $ 19,836.75, which represents no more than 25% of the past-due benefits awarded, be remitted to **Sheryl Gandel Mazur, Esq**. Upon receipt of this fee, counsel for Plaintiff is **DIRECTED** to remit the previously awarded EAJA fee in the amount of $ 9,500.00 to Plaintiff's representative.

December 15, 2025                                *s/ Norah McCann King*
                                                 Norah McCann King
                                                 United States Magistrate Judge